```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X    C/M
WAJID KAHLIL AL-QADAFFI,

                              Plaintiff,
                                                                 **MEMORANDUM DECISION AND**
                 - against -                                     **ORDER**

ACACIA NETWORK; HARRY'S PLACE                                    16-CV-05423 (BMC)(RLM)
MEN'S SHELTER; and SABRINA SOTO,[1]

                              Defendants.
----------------------------------------------------------- X
```

**COGAN,** District Judge**.**

Plaintiff *pro se* Wajid K. al-Qadaffi brings this action against Harry's Place Men's Shelter, its operator Acacia Network, and its director Sabrina Soto, alleging that the shelter's failure to provide halal meals to him violates various rights under federal law. Plaintiff alleges that the defendants' failure to provide the halal meals that he requested from January 2016 to April 2016, as well as the defendants' occasional provision of the same meal of halal chicken and improperly-labeled halal meals since April 2016, violate the following three federal statutes: (1) the Fair Housing Act, (2) the Civil Rights of Institutionalized Persons Act; and (3) Religious Land Use of Institutionalized Persons Act. Plaintiff also alleges that the acts identified violate his rights under the First and Fourteenth Amendments of the United States Constitution. Further, he alleges intentional and negligent infliction of emotional distress under New York state law. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, and the complaint is dismissed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915, a district court shall dismiss an *in forma pauperis* action where

---

[1] Sabrina Soto, the director of Harry's Place Men's Shelter, is not named in the caption, but is named as a defendant in the body of the complaint.

it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court construes plaintiff's *pro se* pleadings liberally, particularly where they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475-76 (2d Cir. 2006) (internal quotation marks omitted), the complaint must nonetheless plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555).

**FACTUAL BACKGROUND**

The following facts are drawn from plaintiff's complaint, the allegations of which are assumed to be true for purposes of this Memorandum Decision and Order. Plaintiff is a Muslim follower of the Nation of Islam ("NOI") and adheres to its strict dietary law. In January 2016, the New York City Department of Homeless Services ("NYCDHS") referred plaintiff to Harry's Place Men's Shelter, a mental illness/chemical addiction program. From January 2016 until April 2016, plaintiff's repeated requests for halal meals were ignored, and he was left to "chose between hunger and eating proscribed food." Plaintiff also claims that "on many instances," defendant Soto instructed food service staff to withhold any food from plaintiff in retaliation for

his requests for halal meals.

When defendant Acacia Network began providing foods labeled halal in April 2016, plaintiff alleges that they were not actually halal and did not comply with NOI dietary requirements, as outlined in the book he provided defendant Soto: How to Eat to Live, by Elijah Muhammad. Although he does not provide the number of times this occurred, plaintiff alleges that sometimes he was provided with baked chicken thighs for both lunch and dinner, while other residents were afforded a variety of foods. On September 18, 2016, plaintiff informed defendant Soto and Diane Thomas, a food service supervisor at Harry's Place, that his rights were being violated and he would sue under the Fair Housing Act. He alleges that without halal meals, he has "suffered irritability, depression, anxiety, loss of weight, hung[er], elevated blood pressure and anger." He seeks damages and an order directing defendants to provide halal meals.

## DISCUSSION

On the second page of his complaint, plaintiff lists four federal laws under which he seeks to raise his claims, but, other than a single conclusion within his statement of claims that the defendants' acts violated the Fair Housing Act and First Amendment, the complaint does not tie any of its facts to the causes of action it attempts to assert. The Court finds that the complaint does not state a claim under any of the federal laws plaintiff has listed. Plaintiff states that he brings this complaint under: (1) the Fair Housing Act; (2) the Civil Rights of Institutionalized Persons Act; (3) the Religious Land Use of Institutionalized Persons Act; and (4) the First and Fourteenth Amendments to the United States Constitution.

**A. Fair Housing Act**

Congress enacted the Fair Housing Act ("FHA"), or Title VIII of the Civil Rights Act of

1968,[2] to "provide, within constitutional limits, for fair housing throughout the United States." 42 U.S.C. § 3601. The FHA provides, in relevant part, that "it shall be unlawful . . . (a) [t]o refuse to sell or rent after the making of a *bona fide* offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin" or "(b) [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604. Although the FHA's definition of dwelling has been interpreted to include homeless shelters, Jenkins v. N.Y.C. Dep't of Homeless Servs., 643 F. Supp. 2d 507, 517-18 (S.D.N.Y. 2009), plaintiff's claim does not concern housing discrimination covered by the FHA because his claims do not relate to the sale or rental of a dwelling, but rather to the meals provided in a treatment program operated in a homeless shelter. The "otherwise make unavailable" clause may expand the prohibited activities of § 3604(a) beyond simply renting and selling, but even under the most liberal construction, plaintiff's allegation that he was not provided halal meals at the shelter does not state a FHA claim. Thus, plaintiff's FHA claim is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, even liberally construing the complaint as suggesting a violation of the nondiscrimination provisions of the Housing and Community Development Act ("HCDA") of 1974, 42 U.S.C. § 5309, which provide that no person shall, on the ground of race, color, national origin, religion, or sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity funded with federal assistance – and

---

[2] Although plaintiff cites to Title VII (employment discrimination), the Court construes the complaint to cite Title VIII (housing discrimination), as nothing in the complaint concerns his employment.

4

here assuming that defendants receive federal funding – there is no private right of action under the HCDA; its enforcement lies entirely with the Attorney General of the United States. 42 U.S.C. § 5309(c); Baker Homes Tenant Council, Inc. v. Lackawanna Mun. Hous. Auth., No. 14 Civ. 284A, 2014 WL 7011700, *9 (W.D.N.Y. Dec. 11, 2014); Reyes v. Erickson, 238 F. Supp. 2d 632, 636-37 (S.D.N.Y. 2003).

**B. Civil Rights of Institutionalized Persons Act**

The Civil Rights of Institutionalized Persons Act ("CRIPA") creates a cause of action for the Attorney General of the United States to seek equitable relief against states, political subdivisions of states, or individuals acting on their behalf, whenever the Attorney General has reasonable cause to believe that such party is subjecting institutionalized persons to "grievous harm" caused by "egregious or flagrant conditions which deprive [them] of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States," and that the deprivation is pursuant to "a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities." 42 U.S.C. § 1997a(a). Even if defendants Harry's Place and Acacia Network qualified as one of the institutions covered by CRIPA – and there is no indication in this complaint that they would – such an action may only be brought by the Attorney General of the United States. Thus, this claim is also dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Religious Land Use and Institutionalized Persons Act**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") targets two areas of state and local action: land-use regulation, RLUIPA § 2, 42 U.S.C. § 2000cc, and restrictions on the religious exercise of institutionalized persons, RLUIPA § 3, § 2000cc–1. It also provides an express private cause of action for "appropriate relief against a government,"

5

§ 2000cc–2(a), including states, their instrumentalities and officers, and persons acting under color of state law, § 2000cc–5(4)(A). Plaintiff states that he is a homeless citizen placed by the NYCDHS in a "shelter for persons diagnosed with a mental illness and/or chemical addiction." The Court has pondered, but cannot imagine, even with its most liberal interpretation of plaintiff's allegations, how RLUIPA applies to this case. It does not appear that plaintiff is institutionalized or that either defendants Harry's Place or Acacia Network is an "institution" within the provisions of RLUIPA, nor is there any indication of state or local action beyond the allegation that the NYCDHS referred him to the shelter. Accordingly, this claim is also dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### D. 42 U.S.C. § 1983 Claims Asserting Violation of Plaintiff's Rights under the First and Fourteenth Amendments to the United States Constitution

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). The Court liberally construes plaintiff's claims alleging violations of his First and Fourteenth Amendment rights as arising under 42 U.S.C. § 1983 to invoke the Court's subject matter jurisdiction. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for seeking redress.

42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege that both the conduct complained of was "committed by a person acting under color of state law" and that the conduct "deprived [plaintiff] of rights, privileges or immunities secured by the Constitution or

6

laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

Even assuming plaintiff could demonstrate a deprivation of his constitutional rights, he does not allege that the defendants are state actors and there is no indication that the shelter, its operator, or its director are state actors or that they otherwise acted "under color of state law" when they caused the alleged harm. Tancredi v. Metro. Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003) (requiring a plaintiff alleging constitutional violations under § 1983 to show state action); Chance v. Reed, 538 F. Supp. 2d 500, 507 (D. Conn. 2008) (plaintiff's § 1983 claims against homeless shelter and its employees for denial of services failed because defendants were not state actors despite the fact that the organization received federal and state funds). Therefore, the § 1983 claims against defendants are also dismissed for failure to state a claim upon which relief can be granted. 28 U.S. C. § 1915(e)(2)(B)(ii).

### E. Supplemental Jurisdiction & State Law Claims

Given that all of plaintiff's claims under federal law fail, the Court declines supplemental jurisdiction to consider the state law claims for intentional and negligent infliction of emotion distress. 28 U.S.C. § 1367.

### F. Leave to Amend

The Court has considered whether to grant plaintiff leave to amend his complaint and determines that amendment here would be futile. Although district courts generally should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, the Court need not grant leave where any amendment would be futile. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead futile where the complaint, even when read liberally, did not "suggest[ ] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Here, there is no amendment that

plaintiff could make that would permit his claims to proceed; there is simply no federal law, judicial holding, or constitutional provision that guarantees an individual the right to halal food in a treatment program at a homeless shelter. Accordingly, the Court dismisses the federal claims with prejudice and without leave to amend the complaint.

## CONCLUSION

The plaintiff's federal claims are dismissed for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and plaintiff's state law claims are dismissed without prejudice to refiling in state court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
October 17, 2016